IN THE SOUTHERN DISTRICT OF WEST VIRGINIA

FILED
JUL 22 2013
TERESA L DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

JOSEPH K. WOLFE,

    Plaintiff,

v.                                        CIVIL ACTION NO.: 5:13-20741
                                        JUDGE: _____

HOSPITALITY LODGING INVESTORS, LP
d/b/a COUNTRY INN & SUITES, a
Pennsylvania Limited Partnership;
HLI DEVELOPMENT, INC., a Pennsylvania
Corporation; and ROGER D. MARTIN, Individually,

    Defendants.

## COMPLAINT

1. The Plaintiff, Joseph K. Wolfe ("Plaintiff" or "Mr. Wolfe"), brings this action against Defendants for their discriminatory and/or retaliatory actions against Plaintiff in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §215(a)(3), and the Family Medical Leave Act of 1993, 29 U.S.C. §2615.

## JURISDICTION AND VENUE

2. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (2007) ("FLSA") and the Family Medical Leave Act of 1993, 29 U.S.C. §§2601 *et seq.* ("FMLA"). This court has jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. §1331 (2007). Venue is proper under 28 U.S.C. §1391(b) because the events or omissions giving rise to the claims occurred in the Southern District of West Virginia.

## PARTIES

3. Mr. Wolfe is, and/or was at all relevant times to this action, a resident of Raleigh County, West Virginia and was employed as General Manager by Hospitality Lodging Investors, LP d/b/a Country Inn & Suites in Beckley, West Virginia ("Country Inn" or "Defendant Country Inn").

4. Hospitality Lodging Investors, LP d/b/a Country Inn & Suites is, and/or was, at all relevant times to this action, a Pennsylvania Limited Partnership, doing business in West Virginia as County Inn & Suites, with its principal place of business at 2120 Harper Road, Beckley, West Virginia 25801.

5. Upon information and belief, Roger D. Martin ("Defendant Martin") is, and/or was, at all relevant times to this action, a resident of Raleigh County, West Virginia and, is and/or was, employed by Hospitality Lodging Investors LP d/b/a Country Inn and Suites as Regional Vice President.

6. Upon information and belief, HLI Development, Inc., is, and/or was, at all times relevant to this action, a Pennsylvania Corporation and General Partner of Hospitality Lodging Investors LP d/b/a Country Inn & Suites.

## FACTS

7. Mr. Wolfe was employed by Country Inn from August 1, 2003 to July 28, 2011, when he was terminated.

8. At all relevant times herein, Defendant Martin was Mr. Wolfe's immediate supervisor.

9. During his employment, Mr. Wolfe consistently performed his duties in a satisfactory manner and met the reasonable expectations of Defendants.

10. On or about November 1, 2005, Mr. Wolfe was promoted into the position of General Manager for Defendant Country Inn. As General Manager his duties included, among other things, oversight of Country Inn employees.

11. On or about October 24, 2008, Mr. Wolfe began evaluating staffing requirements and the proper classification of then current employees under the FLSA.

12. On or about October 28, 2008, Mr. Wolfe presented his research and recommendations regarding the classification of certain Country Inn employees to Defendant Martin.

13. Thereafter, Mr. Wolfe fielded complaints from employees regarding their compensation. Mr. Wolfe continued his efforts in evaluating the proper classification of employees under the FLSA and continued reporting his analysis to Defendant Martin. Defendant Martin continued to ignore his recommendations.

14. On or about January 11, 2011, Mr. Wolfe attended a trade show concerning the proper classification of employees under the FLSA. Thereafter, during the week of January 17-21, 2011, Mr. Wolfe again complained to defendant Martin that certain Country Inn employees were not properly classified under the FLSA.

15. Mr. Wolfe provided Defendant Martin with written materials obtained from the aforementioned trade show. Defendant Martin appeared annoyed with Mr. Wolfe, and responded that he "…would handle it."

16. In or about late April, 2011, Mr. Wolfe again expressed his concern to Martin that certain Country Inn and Holiday Inn & Suites employees were not properly classified under the FLSA, and were not being adequately compensated. Defendant Martin became quite agitated.

17. On or about June 16, 2011, Mr. Wolfe spoke with Defendant Martin about hotel staffing and overtime issues. Mr. Wolfe expressed his desire to correct the issue relating to the misclassification of employees under the FLSA. Defendant Martin again ignored this request.

18. During the course of his employment, Mr. Wolfe became suspicious of Defendant Martin's use of company credit cards, company assets, and time spent on personal endeavors.

19. On several occasions, Mr. Wolfe confronted Defendant Martin about suspected improprieties. Defendant Martin abruptly deflected Mr. Wolfe's inquires, often responding that "you don't need to know about it . . ." or "how did you find out about it . . . ."

20. In or about June, 2011, just prior to his termination, MR. Wolfe confronted Defendant Martin about his suspected misuse of rental vehicles at company expense.

21. At all relevant times, Mr. Wolfe's mother, Katsuko Emi Wolfe, resided with him.

22. In May, 2011, Mr. Wolfe's mother was diagnosed with breast cancer, which required his care and attention.

23. On or about June 22, 2011, Defendant Martin took Hospitality Lodging managers, including Mr. Wolfe, to lunch and thanked them for their good work and service to the company.
24. On or about July 6, 2011, Defendant Martin presented Mr. Wolfe with a monetary gift card and told him that he was doing a good job.
25. On July 19, 2011, Mr. Wolfe advised Defendant Martin of his mother's condition and his need to take leave in accordance with the FMLA to provide for her care and treatment. Defendant Martin had authority and responsibility for approving or denying Mr. Wolfe's request for medical leave under the FMLA.
26. Defendant Martin was agitated by Mr. Wolfe's request for leave under the FMLA, and abruptly responded, "we'll talk about it later." Mr. Wolfe asked that he be given the same flexibility and consideration as other managers in other leave circumstances. Defendant Martin became extremely upset and agitated by this request.
27. Mr. Wolfe scheduled a meeting for the afternoon of July 28, 2011 to discuss, among other things, hotel renovations, employee overtime issues and other concerns relating to misclassification of employees under the FLSA, and his leave request under the FMLA.
28. On July 27, 2011, Mr. Wolfe received a communication via e-mail from Defendant Martin rescheduling the July 28, 2011 meeting to 10:00 a.m.
29. On the morning of July 28, 2011, Mr. Wolfe met with Defendant Martin and, among other things, was reprimanded for employee overtime issues.
30. Mr. Wolfe was then wrongfully terminated from his employment with Defendants on July 28, 2011.

## FIRST CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

31. Defendants violated the FLSA, 29 U.S.C. §215(a)(3), by terminating Mr. Wolfe's employment because he repeatedly complained of violations of the FLSA, and indicated that he planned to take legal action against Defendants relating to Defendants' alleged

4

violations of the FLSA, including, but not necessarily limited to, Sections 206 and 207 of the FMLA (29 U.S.C. §§206-207).

32. Defendants' violation of the FLSA occurred within the statutory period prescribed by 29 U.S.C. §255(a).

33. Section 216(b) of the FLSA makes any employer who violates 29 U.S.C. §215(a)(3) liable with such legal and equitable relief as is appropriate to effectuate the purposes of that section, including without limitation, employment, reinstatement, promotion, the payment of lost wages, as well as an additional equal amount as liquidated damages, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### Violation of Family Medical Leave Act

34. All preceding paragraphs of this Complaint are incorporated as though fully stated and set forth herein.
35. Plaintiff alleges and asserts that his termination was unlawful pursuant to §105 of the FMLA, codified at 29 U.S.C §2615.
36. Plaintiff sought to avail himself of his protected medical leave rights under the FMLA.
37. Defendant Martin unlawfully denied Mr. Wolfe's request for leave under the FMLA.
38. The actions of Defendant Martin were the actions of Country Inn by virtue of the doctrine of respondent superior.
39. Plaintiff's termination was discriminatory on the basis of Plaintiff's availing himself of his protected medical leave rights under the FMLA.
40. Defendants' actions in terminating Plaintiff for seeking his protected medical leave rights violated the FMLA, thereby subjecting Defendants to liability for the violation.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Joseph K. Wolfe prays for judgment against defendant as follows:

1. Judgment against defendants for an amount equal to plaintiff's back pay and front pay in lieu of reinstatement, for violation of the FLSA;

2. Damages for lost benefits, for violation of the FLSA;

3. Liquidated damages in an amount equal to all compensatory damages, in accordance with the FLSA;

4. Statutory damages in an appropriate amount to compensate for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate for violation of the FMLA, pursuant to 29 U.S.C. §§2617(a)(1)(A)(i) and (ii).

5. Liquidated damages for violation of the FMLA, pursuant to U.S.C. §2617(a)(1)(A)(iii).

6. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, for violation of the FMLA, pursuant to 29 U.S.C. §2617(a)(1)(B).

7. An award of prejudgment and post judgment interest;

8. Costs and attorneys' fees; and

9. Such further relief as the court deems equitable and just.

**Plaintiff demands a jury trial on all issues triable to a jury.**

JOSEPH K. WOLFE

By Counsel

_____
P. Rodney Jackson (WV Bar No. 1861)
707 Virginia Street, East
Suite 400
Charleston, WV 25301
(304) 720-6783
prodjackson27@yahoo.com
*Counsel for Joseph K. Wolfe*

6